# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00754-CV

---

### C. G., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 21DFAM327449, THE HONORABLE DALLAS SIMS, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

This appeal arises from a suit to terminate the parental rights of appellant C.G. (Mother) to her child Z.G. (Daughter). The matter was first heard by an associate judge, who ordered that Mother's parental rights be terminated. Subsequently, Mother filed both a timely request for a de novo hearing and a timely notice of appeal from that order.

Appellate counsel for Mother has now filed a motion to dismiss this appeal, requesting that the appeal be dismissed "without prejudice to refiling" or that it be "abated pending the outcome of the De Novo hearing (or any other subsequent post-judgment hearing)."[1]

---

[1] Counsel captions her motion an "Agreed Motion to Dismiss Appeal." However, there is no indication in the motion that the parties have reached any such agreement. Instead, the Certificate of Conference reflects the following:

On November 30, 2022, I conferred with trial counsel for Appellee, Ryan Smith,

In support of her motion, counsel represents that the de novo hearing was scheduled for November 1, 2022 but that it was not held on that date and "has neither been rescheduled nor waived."[2] Counsel further represents,

> [Mother] is currently incarcerated, in lock-down, and unable to be transported to Court for a De Novo Hearing; a De Novo Hearing will be requested to be re-scheduled when [Mother]'s date of release from lock-down status is known. Therefore, the Associate Judge's Decree of Termination is not a final order and the Notice of Appeal as to that order was premature.

When an associate judge orders that a parent's rights be terminated, the parent may request a de novo hearing of the matter before the referring court. *See* Tex. Fam. Code § 201.015(a)(1). When a parent makes a proper and timely request for a de novo hearing, as Mother did here, the referring court, after notice to the parties, shall hold a de novo hearing. *See id.* § 201.015(f). However, in such a case, the associate judge's order is not a final, appealable order, and we may either dismiss an appeal from that order for want of jurisdiction or treat the notice of appeal as premature and abate the appeal pending the outcome of the de novo hearing. *Compare In re C.O.*, No. 04-17-00175-CV (Tex. App.—San Antonio July 28, 2017) (per curiam order) (abating appeal), *with In re C.R-A.A.*, No. 04-16-00587-CV, 2016 WL 6238237 (Tex.

---

and with trial counsel for Respondent father, Jeremy Masten. On December 7, 2022, I sent an email to John Messer and Arthur Neale Potts (Attorneys Ad Litem for the Child). Attorney Ad Litem Arthur Neale Potts does not oppose this Motion. I have, therefore, conferred with attorneys for parties that are the subject of this appeal regarding the contents of this Motion.

[2] The district court's docket sheet reflects that a de novo hearing was scheduled for November 1, that the parties' attorneys appeared at the hearing, and that it was "to be rescheduled."

2

App.—San Antonio Oct. 26, 2016, no pet.) (mem. op., not designated for publication) (dismissing appeal).

Here, both the clerk's record of the underlying proceedings and the reporter's record of the trial before the associate judge have already been filed in this appeal, and the district court's docket sheet reflects that it intends to reschedule the de novo hearing. Under these circumstances, we believe the appropriate course of action is to treat the notice of appeal as premature and abate the appeal pending the outcome of the de novo hearing. *See M.C. v. Texas Dep't of Fam. and Protective Servs.*, No. 03-17-00104-CV, 2017 WL 1404737 (Tex. App.—Austin Apr. 12, 2017) (per curiam order and mem. op.) (abating appeal under similar circumstances). We grant Mother's motion to the extent that she asks us to abate the appeal. We instruct the parties to file a joint status report with this Court no later than January 18, 2023, advising this Court of the status of the case, including whether the de novo hearing has been held or rescheduled.

Before Chief Justice Byrne, Justices Triana and Smith

Abated

Filed: December 29, 2022